IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| COLLEGENET, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Nos. CV-02-484-HU (LEAD CASE) CV-02-1359-HU |
| v. | ) ) | |
| APPLYYOURSELF, INC., a Delaware corporation, | ) ) ) | OPINION & ORDER |
| Defendant. | ) ) | |

John D. Vandenberg
Scott E. Davis
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204

Robert A. Shlacter
STOLL STOLL BERNE LOKTING & SHLACTER, P.C.
209 S. W. Oak, Suite 500
Portland, Oregon 97204

    Attorneys for Plaintiff

Kathleen C. Bricken
GARVEY SCHUBERT BARER
121 S.W. Morrison Street
Portland, Oregon 97204-3141

/ / /

/ / /

1 - OPINION & ORDER

J. Michael Jakes
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001

Raymond C. Jones
CARR, MORRIS & GRAEFF, P.C.
1120 G Street, N.W., Suite 930
Washington, D.C. 20005

Attorneys for Defendant

HUBEL, Magistrate Judge:

These consolidated cases involve two patents relating to an on-line application system. Case number CV-02-484-HU concerns plaintiff's patent number 6,345,278 ("the '278 patent"). Case number CV-02-1359-HU concerns plaintiff's patent number 6,460,042 ("the '042 patent"). The '042 patent is a continuation patent of the '278 patent.

The case went to trial before a jury in September 2003. The jury returned verdicts of infringement on both patents and rejected defendant's claim that the '278 patent was invalid. A judgment, including injunctive relief, was entered on October 15, 2003.

The parties filed several post-trial motions. I granted defendant's motion for judgment as a matter of law (JMOL) on the issue of infringement of the '042 patent. I also ordered defendant's previous dismissal of its prior art invalidity counterclaims and defenses directed at the '042 patent, to be without prejudice.

The parties appealed various issues to the Federal Circuit which affirmed the majority of my rulings, including that the dismissal of the '042 invalidity counterclaims and defenses was without prejudice. The Federal Circuit reversed a pivotal claim construction which was the basis for my granting defendant's JMOL

2 - OPINION & ORDER

motion on the issue of infringement of the '042 patent. After construing the claim, the Federal Circuit then concluded that sufficient evidence supported the jury's verdict of infringement of the '042 patent. The Federal Circuit ordered the infringement verdict reinstated.

In a November 2005 Opinion & Order, I granted defendant's motion to reinstate the invalidity counterclaims and affirmative defenses directed to the '042 patent. Plaintiff now moves to supplement its Complaint under Federal Rule of Civil Procedure 15(d). I grant the motion.

STANDARDS

Federal Rule of Civil Procedure 15(d) provides that upon motion of a party, the court may permit the party to file a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).

Rule 15(d) is "designed to permit expansion of the scope of existing litigation to include events that occur after the filing of the original complaint." Keith v. Volpe, 858 F.2d 467, 471 (9th Cir. 1988). The goal of the rule is to promote judicial efficiency. Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).

District courts have broad discretion in allowing supplemental pleadings. Keith, 858 F.2d at 473. The use of a supplemental pleading is favored, as it promotes judicial economy and convenience. Id. Rule 15(d) is to be liberally construed, absent a showing of prejudice to the defendant. Id. at 475. As the Keith court explained, "[s]o useful they are and of such service in the

3 - OPINION & ORDER

efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears[.]" Id. at 473 (internal quotation omitted).

Finally, both new claims and new parties may be added in a supplemental complaint. Id. at 473-74, 476.

DISCUSSION

In the proposed Supplemental Complaint, plaintiff seeks to add two new claims. Original Count One raised a claim of patent infringement regarding the '042 patent. Supplemental Count One seeks damages for continued infringement of the '042 patent beginning June 30, 2003, and continuing to the present. Supplemental Count Two seeks enhanced damages for willful infringement beginning August 2, 2005, to the present.

As to Supplemental Count One, plaintiff notes that in the stipulated facts recited in the Jury Instructions, the parties agreed that "between October 1, 2002 [the date the '042 patent issued], and June 30, 2003, it is roughly estimated that defendant has or will have processed in the United States approximately 300,000 applications." Jury Instr. at p. 47. Because of the stipulation, plaintiff contends that the jury awarded damages only for the period up to June 30, 2003, and thus, its proposed Supplemental Count One seeks damages from that date forward.

Defendant responds that while the number of processed applications was calculated only through June 30, 2003, there was nothing in the Jury Instructions, Verdict Form, or any other Court document, limiting the calculation of damages to that date. Plaintiff was free to seek damages for the period of time through the end of trial.

4 - OPINION & ORDER

I agree with defendant. While the stipulated number of processed applications provided the measurement of damages through the June 30, 2003 date, there was no reason why plaintiff could not have put on evidence in some manner proving or projecting the number of processed applications through the end of trial. As long as the projected number was not purely speculative, it could have served as the basis for the jury's assessment of damages through the date of the verdict, September 9, 2003. Thus, while I agree that Supplemental Count One should be allowed, it is allowed only to the extent that it seeks damages from September 10, 2003, to the present. This is a matter of proof for trial and does not preclude the filing of the Supplemental Complaint.

Defendant concedes that damages for infringement of the '042 patent should be subject to an accounting from September 10, 2003, up to September 18, 2005, when, as alleged by defendant, it implemented a design change in the infringing product to render it non-infringing. Defendant contends that an accounting should follow a trial on the pending invalidity claims because a jury determination of invalidity of the '042 patent would moot the need for an accounting. While accurate, defendant's position creates the potential for inefficiency.

As proposed by defendant, should a jury determine that the '042 patent is valid, an entirely separate proceeding would need to be convened to determine the infringement damages beginning September 10, 2003, to at least September 18, 2005. While the focus of the invalidity trial is on the invalidity claims, they likely cannot be adjudicated in a vacuum and thus, that trial will include evidence regarding the invention of the '042 patent and the

5 - OPINION & ORDER

infringing system. Similarly, in a separate action to determine damages, while the focus will be on the number of processed applications during the relevant time period, there will likely be some introductory presentation of evidence regarding the invention of the '042 patent and the infringing system. Thus, if the patent is found to be valid, defendant's proposal creates the need for two separate presentations of overlapping evidence to two separate factfinders. This would be a waste of judicial and litigant resources. The claim for damages set forth in Supplemental Count One is to be tried simultaneously with defendant's invalidity affirmative defenses and counterclaims.

As for the time period commencing September 18, 2005, defendant contends its product, incorporating a design change, no longer infringes the '042 patent. Thus, before any damages can be assessed for that period following September 18, 2005, liability must first be established. If the factfinder determines that the allegedly new design infringes, damages will need to be assessed.

Supplemental Count Two seeks enhanced damages for alleged willful infringement beginning August 2, 2005, the date the Federal Circuit issued its Opinion reversing the claim construction upon which the JMOL of non-infringement was based. Defendant opposes the addition of this claim on the basis that its September 2005 design change conclusively shows its good faith attempt to avoid infringement. Additionally, defendant argues that its good-faith belief in the invalidity of the '042 patent, which it asserts has been bolstered by the Federal Circuit's opinion, is sufficient to avoid a claim for willfulness.

The problem with defendant's arguments is that they are

6 - OPINION & ORDER

directed to the merits of the willfulness claim and are not appropriate bases on which to deny the motion to supplement. Willfulness will be determined based on several factors. Following that determination, the Court will determine whether to enhance damages, based on all the facts and circumstances. At this stage in the proceedings, all of the relevant facts and circumstances regarding defendant's conduct post-August 2, 2005, and regarding defendant's design change and allegedly non-infringing product post-September 18, 2005, are not in the record and certainly are not before a factfinder.

Accepting defendant's argument would require me to conclude that plaintiff fails to state a claim or that some evidence already in the record or prior adjudication in the case makes the claim futile. Plaintiff's Supplemental Count Two meets the standards for notice pleading, fairly states a claim, and is not futile. Thus, I allow the motion as to Supplemental Count Two.

## CONCLUSION

Plaintiff's motion to supplement (532) is granted. Plaintiff shall file its Supplemental Complaint within ten (10) days of the date of this Opinion & Order. Defendant shall file a responsive pleading within twenty days of the filing of the Supplemental Complaint.

IT IS SO ORDERED.

Dated this __2nd__ day of __February__, 2006

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

7 - OPINION & ORDER

8 - OPINION & ORDER